# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3161

———————

United States of America,

        Appellee,

v.

Sabino Mosqueda-Estevez,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Western
\*  District of Missouri.
\*
\*
\*

———————

Submitted: April 12, 2007
Filed: May 18, 2007

———————

Before MELLOY, BOWMAN, and GRUENDER, Circuit Judges.

———————

MELLOY, Circuit Judge.

Sabino Mosqueda-Estevez pled guilty to two methamphetamine-trafficking charges. The district court[1] sentenced Mosqueda-Estevez to concurrent terms of 168 months in prison, a term that fell at the bottom of the applicable advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range. Mosqueda-Estevez appeals the sentence, arguing that the district court violated the principles of United States v. Booker, 543 U.S. 220, 261 (2005), by failing to explicitly consider the

———————

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

enumerated sentencing factors of 18 U.S.C. § 3553(a) in fashioning the sentence. We affirm the judgment of the district court.

## I. BACKGROUND

The only facts at issue in this appeal relate to sentencing. Mosqueda-Estevez pled guilty without a plea agreement on February 6, 2006, and appeared for a sentencing hearing on August 18 of the same year. At the hearing, the court indicated that it had reviewed the presentence report for Mosqueda-Estevez. The report contained information regarding Mosqueda-Estevez's background, his offense, and his criminal history. Mosqueda-Estevez had no objections to the facts contained in the presentence report other than a clarification regarding his immigration status, and therefore we accept the report's factual allegations as true. United States v. Rouillard, 474 F.3d 551, 553 n.1 (8th Cir. 2007).

Authorities snared Mosqueda-Estevez in a controlled drug transaction when Mosqueda-Estevez attempted to deliver roughly one pound of methamphetamine to an informant. For sentencing purposes, Mosqueda-Estevez was also found responsible for methamphetamine that he supplied to associates and that was recovered in prior police searches of the associates' homes, for a total of roughly three pounds of methamphetamine (two pounds of pure methamphetamine). His conduct and the drug quantity for which he was responsible put his base offense level at thirty-six under the Guidelines. He accepted responsibility for the offense and offered limited assistance to authorities, entitling him to a three-level reduction and a resulting offense level of thirty-three.

Mosqueda-Estevez had an extensive criminal history, primarily consisting of convictions for driving while intoxicated. He had a total of six criminal history points under the Guidelines, which placed him in criminal history category III. At the sentencing hearing, defense counsel argued that the Guidelines calculations over-

represented his client's criminal history given that the offenses were recent and all related to his client's apparent alcoholism. He therefore asked the court for a one-category reduction in Mosqueda-Estevez's criminal history calculation under the Guidelines, although he admitted that "there is no legal basis" for making such a decrease and he sought it "out of pure mercy." The government, meanwhile, argued that the Guidelines calculation may have under-represented Mosqueda-Estevez's criminal history because it did not assess points for a pending DWI charge. The court ultimately made no adjustments to the criminal history calculations contained in the presentence report. Mosqueda-Estevez's resulting advisory Guidelines sentencing range was 168 to 210 months in prison. Neither party disputes the accuracy of the Guidelines computation.

At the sentencing hearing, Mosqueda-Estevez testified briefly as to his immigration status; when the court asked him if he wished to say anything further, he declined. Mosqueda-Estevez did not offer any additional information regarding the nature of the offense, his personal history and characteristics, or any other consideration that might bear upon the reasonableness of his sentence. Defense counsel did ask the court to "do something to mitigate [his client's] sentence," but he made no relevant argument—other than the aforementioned contention that Mosqueda-Estevez's criminal history was over-represented by the Guidelines—that his client warranted a non-Guidelines sentence. Immediately prior to issuing the sentence, the court asked counsel for both the government and Mosqueda-Estevez if they knew "of any legal reason why the court should not impose a sentence at this time." Neither attorney made any additional arguments.

The court then stated the following: "I guess I should ask for recommendations within the sentencing guideline range, and I'm assuming the defendant wants the low end, correct?" Defense counsel responded affirmatively, without elaboration. Counsel for the government stated that she "would just leave it to the court to sentence the defendant," but she did request "that he be given a guideline sentence."

-3-

The court sentenced Mosqueda-Estevez to 168 months, at the bottom of the advisory Guidelines range, and stated, "The Congress of this country has put . . . a substantial penalty on those who would engage in the activity that he did, . . . presumably to act as a deterrent to those who might otherwise do so." The court admitted it was "not sure how effective that [deterrent] has been," but acknowledged that "certainly we have to keep trying." The court also recognized that the sentence was at the low end of the advisory Guidelines range for Mosqueda-Estevez's offense and criminal history, but the court "figured that was still a substantial amount of time." Upon the request of defense counsel, the court formally recommended that the Bureau of Prisons enroll Mosqueda-Estevez in a 500-hour substance abuse program to treat his alcoholism.

## II. DISCUSSION

When the calculation of the advisory Guidelines sentencing range is not at issue, we review criminal sentences for reasonableness. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). The Supreme Court in Booker held that mandatory application of the Guidelines based on judicially-found facts was unconstitutional, Booker, 543 U.S. at 244, and we have since interpreted that decision as requiring district courts to follow a three-step procedure in sentencing:

> First, the district court should determine the Guidelines sentencing range. Second, the district court should determine whether any traditional departures are appropriate. Third, the district court should apply all other section 3553(a) factors in determining whether to impose a Guidelines or non-Guidelines sentence.

United States v. Rivera, 439 F.3d 446, 448 (8th Cir. 2006) (citing United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005)).

-4-

The third step is the only one at issue in this case. Section 3553(a) lists a number of factors that a district court must consider when fashioning a criminal sentence, and "appellate courts . . . determine whether the sentence is unreasonable with regard to § 3553(a)." Booker, 543 U.S. at 261 (internal marks omitted). Mosqueda-Estevez argues that his sentence was unreasonable, although he points to no § 3553(a) factors in his case that would have any bearing upon the severity of his sentence. Instead, he argues that the sentence was unreasonable solely because the district court failed to make a record sufficient for this court to review it under the enumerated factors of § 3553(a); that is, according to Mosqueda-Estevez, "there is absolutely no indication in the record that the district court considered the statutory factors."

Mosqueda-Estevez does not specifically list any factors that the district court should have considered, and he does not argue that the district court ignored a factor that should or could have justified a lesser sentence. In short, Mosqueda-Estevez does not offer any reasons why his sentence was inappropriate. He essentially asserts only an assumed right to a sentencing hearing in which the district court ritualistically explains each § 3553(a) factor, the facts that bear upon it, and its weight in determining the ultimate sentence. It is true that we may remand a case to a district court when it fails to create an adequate record to permit our review for reasonableness. See Rivera, 439 F.3d at 448. This rule, however, is to promote procedural practicality in the courts of appeals rather than to protect the procedural rights of defendants in the district courts. A defendant has a right to a sentence that is reasonable given the facts of the case and the relevant sentencing factors, Haack, 403 F.3d at 1004; they do not have a right to have their sentences handed down according to any particular script. United States v. Lamoareaux, 422 F.3d 750, 756 (8th Cir. 2005). To prevail on appeals such as this one, a defendant must claim that his sentence was unreasonable under the circumstances of his case. A record that is inappropriately concise or barren may further the defendant's claim in this regard, but

we have not held that the brevity of the record alone gives rise to a claim of per se unreasonableness.

This is not to say that district courts may ignore the factors of § 3553(a) when sentencing defendants; indeed, they are statutorily bound to take those factors into consideration. 18 U.S.C. § 3553(a) (stating that "[t]he court, in determining the particular sentence to be imposed, shall consider" the listed factors). Further, in this and all criminal cases, we urge each district court to make a clear record of its reasons for imposing a particular sentence with explicit reference to § 3553(a). Failure to do so hinders our review and leaves the judgment vulnerable to a claim that the district court failed to give weight to a relevant factor or gave improper weight to an irrelevant one. If the record and the sentence suggest that the district court failed to appropriately consider the § 3553(a) factors, remand for re-sentencing is the appropriate course.

This is not the case before us, however. Mosqueda-Estevez does not point to any relevant factor that the district court overlooked, or improper factor that it considered, in fashioning his sentence. The record reveals that the district court considered the advisory Guidelines sentencing range, as well as the need to promote deterrence and respect for the law. It also considered Mosqueda-Estevez's criminal history and the need to provide him with substance abuse treatment. All of these considerations are proper under § 3553(a). 18 U.S.C. § 3553(a)(1); id. § 3553(a)(2)(A), (B), (D); id. § 3553(a)(4). The record offers nothing to show that any of the other § 3553(a) factors would have or should have carried any significant weight in determining Mosqueda-Estevez's sentence, and he did not argue otherwise at either the sentencing hearing or on appeal.

He does contend that the district court may have erroneously believed the Guidelines were mandatory, and he argues for remand on that basis. We disagree with Mosqueda-Estevez's characterization of the record. Nowhere does the district court

assert any inability to vary from the Guidelines under the law, and it presumably asked the parties for recommendations within the Guidelines sentencing range because neither Mosqueda-Estevez nor the government presented any facts that would warrant a sentencing variance. Further, counsel for the government asked that Mosqueda-Estevez be given "a guideline sentence" at the hearing; this request would have seemed superfluous to the district court if it erroneously believed that the Guidelines were mandatory. In short, the record does not support a finding that the district court considered itself legally bound to sentence Mosqueda-Estevez within the advisory Guidelines sentencing range.

Mosqueda-Estevez offers no reasoned arguments to support his assertion that his sentence was unreasonable, and our thorough review of the record reveals none. Therefore, we do not find that re-sentencing would be appropriate in this case.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____