# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3131

———————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the Eastern
　　　　　　　　　　　　　　　　　*　District of Arkansas.
Thomas S. Boothe,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　 *

———————

Submitted: April 12, 2007
Filed: June 27, 2007

———————

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

———————

BEAM, Circuit Judge.

Thomas Boothe appeals the forty-one month sentence imposed by the district court,[1] following his conviction for wire fraud. We affirm.

## I.　BACKGROUND

Boothe's wire fraud conviction stems from a scheme to steal and sell airplane parts and electronic equipment from his employer, Raytheon. When Boothe was

_____

[1] The Honorable George Howard, Jr., now deceased, United States District Judge for the Eastern District of Arkansas.

given a promotion, he was directed by senior management to dispose of certain parts. In the midst of this process, Boothe noticed numerous items that were marketable, and took those items from Raytheon's premises for sale. He later found additional obsolete items in Raytheon inventory rooms and he also removed those items from Raytheon in order to sell them as his own. Over time he removed and resold airplane parts that, in sum, had originally been worth over one million dollars.[2] Boothe set up a separate company and used the internet to resell the parts. When Raytheon discovered that parts had been stolen and resold by Boothe, he was terminated. When confronted by authorities about the scheme, Boothe admitted wrongdoing and pleaded guilty to wire fraud.

At sentencing, Boothe received a two-level enhancement for abusing a position of trust, and a reduction for acceptance of responsibility. Largely due to the sixteen level enhancement for an intended loss of over one million dollars, his resulting range was forty-one to fifty-one months. Boothe's counsel advocated for an extraordinary

_____

[2]Although the record is not entirely clear due to the guilty plea, it appears to us that most, if not all, of the parts that Boothe stole were either obsolete, or intended for disposal. Presentence Investigation Report ¶ 9 (PSI). In light of this, we question whether the value of these parts should have been placed at the amount Raytheon originally paid for them. Tr. of Waiver of Indictment/Change of Plea Hr'g at 13, United States v. Boothe, No. 4:05CR00334(1) (Dec. 15, 2005) ("Raytheon had spent $1,198,063.25 on the equipment."). It seems doubtful that original purchase price equates to the fair market value, or even replacement value, of parts that were abandoned, or otherwise no longer in use. See United States Sentencing Guidelines Manual § 2B1.1, cmt. n.3(C)(i).

The plea agreement and change of plea transcript both indicate that the amount of loss was under dispute and would be argued to the court at sentencing. Tr. of Plea Hr'g at 11; Plea Agreement at 4. However, Booth did not object to the PSI's calculation setting loss at more than $1,000,000, and we see no dispute of this issue at sentencing. In fact, defense counsel stated that it was "undisputed that . . . you've got a million-one intended loss." Tr. of Sentencing at 15.

variance–probation instead of prison time, citing Boothe's young children and his considerable religious and civic work. The district court declined defense counsel's invitation, citing United States v. Ture, 450 F.3d 352, 357 (8th Cir. 2006) (reversing the district court's sentence of probation when the Guidelines called for at least twelve months of incarceration). The district court discussed the 18 U.S.C. § 3553(a) factors, gave Boothe a sentence at the bottom of the Guidelines' range, and imposed restitution in the amount of $1,193,931.27. On appeal Boothe challenges the forty-one month sentence as unreasonable, arguing that the district court mistakenly believed it could not vary below the Guidelines.

## II.    DISCUSSION

We review the district court's ultimate sentence for reasonableness, United States v. Haack, 403 F.3d 997, 1003 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005), including the court's decision not to vary from the Guidelines based on 18 U.S.C. § 3553(a), United States v. Mickelson, 433 F.3d 1050, 1055 (8th Cir. 2006). We afford the district court's decision to sentence a defendant within the Guidelines a presumption of reasonableness. United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir. 2005); Rita v. United States, No. 06-5754, 2007 WL 1772146, at *5-7 (U.S. June 21, 2007).

After reviewing the record, we find that the district court reasonably sentenced Boothe, based on our precedent. In making this determination, the district court correctly dispatched its duties under Haack. The district court had good reasons for rejecting Boothe's request for such an extraordinary variance. In fashioning the ultimate sentence, the district court took into account Boothe's history and characteristics, the seriousness of the crime, the need for deterrence, and the need to treat like-crimes similarly.

There is no merit to Boothe's argument that the district court was confused about Boothe's religiousness. Although Boothe argues that the district court thought Boothe had made a "jailhouse conversion," it is clear that the district court knew Boothe's personal history, and in fact the court questioned why Boothe had not followed that personal religious conviction when he made the decision to steal from his employer. While the court did make a comment about joining a church after breaking the law, it seems clear from the context of the statement that the court was extrapolating about the effect of Boothe's case on future cases if a jail sentence was not imposed.

## III.  CONCLUSION

Because the district court's forty-one month sentence is reasonable, we affirm.

_____