# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 06-3489

————————

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Keith A. Jones, | * | |
| | * | |
| Appellant. | * | |

————————

Submitted: April 12, 2007
Filed: July 10, 2007

————————

Before MELLOY, BOWMAN and GRUENDER, Circuit Judges.

————————

GRUENDER, Circuit Judge.

In May and June 2005, an undercover police officer made several purchases of cocaine base, or "crack" cocaine, from Keith Jones in Kansas City, Missouri. Jones was arrested for this activity and indicted by a federal grand jury. He pled guilty to five counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)-(C).

At the sentencing hearing, Jones's counsel argued for a downward variance from the agreed advisory United States Sentencing Guidelines range of 130 to 162

months' imprisonment based upon Jones's addictions to alcohol and cocaine at the time of his conduct, his limited role as a "quintessential street dealer," and the disparity with which the sentencing guidelines treat crack versus powder cocaine. The Government recommended a sentence of 140 months, emphasizing the danger posed by crack cocaine, Jones's offense conduct and his criminal history. The district court[1] sentenced Jones to 140 months' imprisonment. In doing so, the court declined to grant Jones's requested variance and declined to sentence Jones at the bottom of the advisory guidelines range because it did not "believe the low end of the guideline range to be appropriate here."[2] After announcing the sentence, recommendations regarding drug treatment and the conditions of supervised release, the district court noted, "[T]he sentence is rather severe, and for good reason. Congress is trying to control the distribution of drugs in our community."

Jones appeals, arguing first that the record as a whole demonstrates that the district court failed to consider adequately the sentencing factors of § 3553(a) as required by *United States v. Booker*, 543 U.S. 220, 259-60 (2005). Because there is no dispute about the district court's computation of the advisory guidelines sentencing range, we review Jones's sentence for reasonableness. *United States v. Mosqueda-Estevez*, 485 F.3d 1009, 1012 (8th Cir. 2007). "We review the reasonableness of a

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

[2]In declining to grant a variance, the district court said, "[A] downward departure does not appear to be appropriate here and will not be allowed." It is apparent from the context of the remark that the district court misspoke, saying "departure" instead of "variance." Jones did not request a departure under the guidelines, and the district court's denial came moments after the parties argued about the propriety of a variance. *See, e.g., United States v. Pool*, 474 F.3d 1127, 1129 n.1 (8th Cir. 2007) (assuming from context that the district court "varied" when it stated that it was going to "depart" from the guidelines). Jones argues here that this statement by the district court is evidence that it "failed to appreciate" that the sentencing guidelines are now advisory. We do not agree with Jones's conclusion.

sentence for abuse of discretion." *United States v. Bonahoom*, 484 F.3d 1003, 1005 (8th Cir. 2007). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* at 1006 (quoting *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005)).

Like the appellant in *Mosqueda-Estevez*, Jones argues that his sentence is unreasonable "because the district court failed to make a record sufficient for this court to review it under the enumerated factors of § 3553(a)" and "essentially asserts only an assumed right to a sentencing hearing in which the district court ritualistically explains each § 3553(a) factor, the facts that bear upon it, and its weight in determining the ultimate sentence." 485 F.3d at 1012. *Mosqueda-Estevez* forecloses relief based upon this argument:

> A defendant has a right to a sentence that is reasonable given the facts of the case and the relevant sentencing factors; they do not have a right to have their sentences handed down according to any particular script. To prevail on appeals such as this one, a defendant must claim that his sentence was unreasonable under the circumstances of his case. . . . [W]e have not held that the brevity of the record alone gives rise to a claim of per se unreasonableness.

*Id.* at 1012-13 (citations omitted). We find support for our position in *Rita v. United States*, in which the Supreme Court analyzed a district court's adherence to 18 U.S.C. § 3553(c), which requires that the court openly state its reasons for imposing its particular sentence, and held that "[w]here a matter is [] conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." No. 06-5754, slip op. at 20 (June 21, 2007). After hearing arguments for a downward departure or, alternatively, a variance, the district court in *Rita* said that the guidelines range was not "inappropriate," and the Supreme Court affirmed the district court's

brief treatment as "legally sufficient." *Id.* at 19. Here, the district court similarly considered arguments for a reduced sentence and concluded that it would not "be appropriate here." Although we are mindful that *Rita*'s holding and analysis on this point applies expressly to § 3553(c),we believe that its logic applies with equal force with respect to Jones's argument here. We therefore reject Jones's argument that the brevity of the district court's record on the § 3553(a) sentencing factors requires us to find that his sentence is unreasonable.

To the extent Jones suggests that his sentence is unreasonable because the district court failed to consider the particular circumstances of his case, we disagree. As we have repeatedly held, "It is not necessary for the district court to provide a mechanical recitation of the § 3553(a) factors so long as it is clear from the record that the court considered them." *United States v. Shan Wei Yu*, 484 F.3d 979, 988 (8th Cir. 2007) (internal quotations omitted). At the outset of the hearing, the district court noted that it had reviewed the presentence investigation report prepared by the probation office. The report contains extensive information regarding Jones, his history and characteristics, the nature and circumstances of the offense, the kinds of sentences available, and a recommended advisory sentencing guidelines range, all of which are factors under § 3553(a). Further, the record shows that the district court heard and acknowledged arguments from both Jones and the Government which addressed Jones's history and characteristics, his role in the offense and the need to avoid unwarranted sentencing disparities, all § 3553(a) factors. Although "we urge each district court to make a clear record of its reasons for imposing a particular sentence with explicit reference to § 3553(a)," *Mosqueda-Estevez*, 485 F.3d at 1013, the record shows that the district court did consider the relevant § 3553(a) factors. *See Shan Wei Yu*, 484 F.3d at 988.

Jones's second argument is that the district court failed to consider the so-called "100:1 disparity" between crack cocaine and powder cocaine under the sentencing guidelines and that this factor should have received significant weight. We are not

convinced that the 100:1 ratio employed in the sentencing guidelines constitutes a § 3553(a) factor, much less one entitled to "significant weight." *See United States v. Spears*, 469 F.3d 1166, 1175 (en banc) ("We do not adopt or endorse the Third Circuit's opinion that the crack/powder cocaine differential in the Guidelines may be a factor in the post-*Booker* sentencing process."), *petition for cert. filed* (Mar. 2, 2007) (No. 06-9864). Nevertheless, even if we were to presume that the 100:1 ratio is a relevant sentencing factor, the district court considered Jones's argument that the crack cocaine penalties would punish him too severely and nevertheless decided to sentence him to 140 months' imprisonment–ten months above the bottom of the guidelines range–clearly rejecting his argument for a sentence below the advisory guidelines range. We see no abuse of discretion in the district court's sentencing Jones within the agreed advisory guidelines range.

For the foregoing reasons, we affirm the district court's judgment and sentence.

_____