# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2177

_____

United States of America,      *
     *
        Appellee,      *    Appeal from the United States
     *    District Court for the Western
        v.      *    District of Missouri.
     *
Soheir A. Abu Nahia,      *    [UNPUBLISHED]
     *
        Appellant.      *

_____

Submitted: August 3, 2007
Filed: August 6, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Soheir Abu Nahia appeals the 63-month prison sentence the district court[1] imposed upon remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967); and Abu Nahia has filed a pro se supplemental brief. We affirm.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

First, we note that Abu Nahia's release from prison on August 29, 2006, does not render this appeal moot, because her sentence included a period of supervised release which the district court could in its discretion shorten if this case were remanded. See United States v. Allen, 434 F.3d 1166, 1170 (9th Cir. 2006). Second, we will not consider the arguments related to calculation of the Guidelines range because they fall outside the scope of this court's and the Supreme Court's limited remand for resentencing under Booker, see United States v. Behler, 187 F.3d 772, 776-77 (8th Cir. 1999) (resentencing court may not disregard scope of any limitations imposed by appellate court; district court had no basis for revisiting issues previously decided by both it and appellate court), and because Abu Nahia could have raised them in her previous appeal, but did not, see United States v. Kress, 58 F.3d 370, 373 (8th Cir.1995). Third, contrary to Abu Nahia's argument, the district court did not apply the Guidelines as mandatory at resentencing, as shown by the court's explicit references to the Guidelines range as "recommended." See United States v. Ruiz, 446 F.3d 762, 776 (8th Cir.) (rejecting argument that district court applied Guidelines as mandatory where district court correctly referenced Guidelines as advisory and sentenced defendant to low end of Guidelines range), cert. denied, Darks v. United States, 127 S. Ct. 537 (2006), and Gonzales v. United States, 127 S. Ct. 1027 (2007).

The only remaining issue for our review is whether Abu Nahia's sentence was unreasonable under Booker. We hold that the district court's comments about Abu Nahia's failure to accept responsibility for her criminal conduct, and the court's familiarity with Abu Nahia from her initial sentencing, were sufficient to show that the court considered the 18 U.S.C. § 3553(a) factors in reaching the 63-month sentence. See United States v. Jones, No. 06-3489, 2007 WL 1976081 at *1-2 (8th Cir. July 10, 2007) (it is not necessary for district court mechanically to recite § 3553(a) factors so long as it is clear from record that court considered them; rejecting argument that brevity of district court's record required finding that within-Guidelines sentence was unreasonable); United States v. Jimenez-Gutierrez, No. 06-1566, 2007 WL 1855644 at *3 (8th Cir. June 29, 2007) (acceptance of responsibility

is relevant and proper factor under § 3553(a)); cf. United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (fact that same judge presided over original sentencing hearing and revocation hearing implied familiarity with defendant's history and characteristics, and district court's awareness of defendant's violations of release conditions supported inference that court was aware of relevant § 3553(a) factors). Further, we see nothing in the record to rebut the presumptive reasonableness of the sentence, which was at the bottom of the Guidelines range. See United States v. Icaza, Nos. 06-2882, 06-2883, 06-3003, 2007 WL 1976087 at * 3 (8th Cir. July 10, 2007) (sentence within properly calculated Guidelines range is presumptively reasonable). We thus conclude that Abu Nahia's sentence was not unreasonable.

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and we have found no non-frivolous issues. Accordingly, we affirm the sentence, and we grant counsel leave to withdraw.

_____