# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4108

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Robert A. Boleware, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: June 12, 2007
Filed: August 20, 2007

_____

Before MURPHY, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Robert A. Boleware pled guilty to possessing a mixture or substance containing cocaine base. See 21 U.S.C. § 844(a). At sentencing, the district court[1] determined his advisory Guidelines range to be 110 to 137 months. Boleware asked for the statutory minimum of 60 months imprisonment; the district court sentenced Boleware to 130 months in prison and 3 years of supervised release. On appeal, Boleware contends that the district court erred by sentencing him without adequately

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

considering the sentencing criteria and principles of 18 U.S.C. § 3553. We affirm the sentence.

## I.

A Kansas City, Missouri, police officer stopped a vehicle for speeding and changing lanes without signaling. The officer identified the driver as Robert Boleware and arrested him on outstanding municipal warrants. During a search incident to Boleware's arrest, the officer found a glass tube with burn residue inside the front pocket of Boleware's pants. During a search of the vehicle, the officer recovered a stiletto knife and a plastic bag containing 22.07 grams of cocaine base.

Boleware pled guilty to possessing a mixture or substance containing cocaine base in an amount of five grams or more. See 21 U.S.C. § 844(a). The Presentence Investigation Report (PSR) concluded that Boleware's advisory Guidelines range was 130 to 162 months based on a total offense level of 27 and a criminal history category of VI. The district court sustained Boleware's sole objection to the PSR, removing a two-level increase for possession of a dangerous weapon in connection with a drug trafficking offense, and lowered the advisory Guidelines range to 110 to 137 months.

At sentencing, Boleware argued that, independent of the Guidelines, application of the sentencing factors set forth in section 3553(a) warranted a sentence of 60 months. Boleware rested his claim for a lower sentence on his recent sobriety, his assertion that he never sold drugs, and his commitment to his family. The district court sentenced Boleware to 130 months in prison and 3 years of supervised release, a sentence within the Guidelines range of 110 to 137 months, and recommended that Boleware be placed in an institution that offered an intensive drug treatment program.

II.

Because there is no dispute about the district court's computation of the advisory Guidelines range, we review Boleware's sentence for reasonableness. See United States v. Mosqueda-Estevez, 485 F.3d 1009, 1012 (8th Cir. 2007). "We afford the district court's decision to sentence a defendant within the Guidelines a presumption of reasonableness." United States v. Boothe, No. 06-3131, 2007 WL 1827502, at *1 (8th Cir. June 27, 2007); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.), cert. denied, 546 U.S. 1081 (2005); Rita v. United States, 127 S.Ct. 2456, 2461-63 (2007).

"A sentence within the guidelines range may be unreasonable if the sentencing court: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Goldsmith, 486 F.3d 404, 407 (8th Cir. 2007). "We review the reasonableness of a sentence for abuse of discretion." United States v. Bonahoom, 484 F.3d 1003, 1005 (8th Cir. 2007).

III.

Boleware contends that the district court erred by sentencing him without adequately considering the sentencing criteria and principles of 18 U.S.C. § 3553. A district court must, at the time of sentencing, state in open court the reasons for its imposition of the particular sentence. 18 U.S.C. § 3553(c). "However, a district court is not required 'to categorically rehearse' each of the section 3553(a) factors on the record as long as it is clear that they were considered, nor is it required to make a 'robotic incantation' about each statutory factor considered." United States v. D.A.L.D., 469 F.3d 727, 729 (8th Cir. 2006) (quoting United States v. Dieken, 432

F.3d 906, 909 (8th Cir.), cert. denied, 127 S.Ct. 163 (2006), and United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005)).

The sentencing record demonstrates that the district court listened to and considered Boleware's plea for leniency based on his longstanding addiction to crack cocaine, recent ability to remain sober, and lack of drug trafficking convictions as detailed in the PSR. See Rita, 127 S.Ct. at 2469 ("The record makes clear that the sentencing judge listened to each argument" and "considered the supporting evidence."). The district court further considered Boleware's professed commitment to his family and acknowledged his wife's presence in the courtroom. See 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.").

However, the district court found these circumstances insufficient to warrant a sentence lower than the Guidelines range, stating, "I think that the term of 130 months satisfies the necessity for the punishment in this case." See id. § 3553(a)(2)(A) (recognizing "the need for the sentence imposed . . . to provide just punishment for the offense"). The district court further acknowledged that Boleware's "severe addiction" had "gotten [him] into a lot of trouble," and recommended that he "be placed in an institution where [he] can receive the 500-hour drug treatment program." See 18 U.S.C. § 3553(a)(2)(D) (recognizing "the need for the sentence imposed to provide defendant with needed . . . medical care, or other correctional treatment in the most effective manner"). Here, the district court addressed the two section 3553(a) factors it deemed relevant and "must have believed that there was not much more to say." See Rita, 127 S.Ct. at 2469.

"[G]iven the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons here, though brief, was legally sufficient." See Rita, 127 S.Ct. at 2468. Moreover, "when a judge decides simply to apply the Guidelines

to a particular case, doing so will not necessarily require lengthy explanation." Id. Accordingly, we find that the district court adequately considered the sentencing criteria and principles of 18 U.S.C. § 3553 and did not abuse its discretion in imposing Boleware's sentence. See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (stating that the relevant inquiry is whether the district court considered the section 3553(a) factors and whether they support the reasonableness of the district court's sentencing decision).

IV.

We affirm the district court's judgment.

_____