# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2719

_____

United States of America,

        Appellee,

v.

Esteban Rivera,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Western
\* District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: November 15, 2006
Filed: August 20, 2007

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Esteban Rivera pled guilty to drug trafficking charges, which carried a then-mandatory Guidelines sentencing range of 188 to 235 months' imprisonment. In a sentencing hearing held after the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005), the district court sentenced Rivera to a below-Guidelines sentence of sixty months' imprisonment, the statutory minimum for Rivera's offense. 21 U.S.C. § 841(b)(1)(B). The government appealed. We reversed and remanded the case for re-sentencing due to the inadequacy of the record, which had left us "unable to discharge our function as an appellate court in deciding whether the district court

abused its discretion and imposed an unreasonable sentence." United States v. Rivera (Rivera I), 439 F.3d 446, 448 (8th Cir. 2006).

On remand, the district court[1] heard arguments from defense counsel, who advocated reinstatement of the original sixty-month sentence. Those arguments focused largely upon Rivera's family obligations, post-offense rehabilitative conduct, and the danger of disparate sentences with other co-defendants. The district court noted some facts that weakened those arguments, including Rivera's post-indictment arrest for an alcohol-related traffic offense, the significant number of convictions for violent crimes in Rivera's past, and a criminal history that exceeded those of his co-defendants. The district court nevertheless stated that the facts warranted a downward variance from the advisory Guidelines range, and it sentenced Rivera to 132 months' imprisonment.

Rivera appeals, first arguing that the district court misunderstood the mandate of Rivera I as foreclosing a sixty-month sentence as unreasonable. Therefore, he argues, the district court failed to consider the full range of available sentences for Rivera. We agree that the record indicates that the district court believed a sixty-month sentence was "outside the permissible range of choice" upon re-sentencing. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). We do not agree, however, that the district court's possible misreading of Rivera necessarily impacted this determination. The district court considered reimposing the sixty-month sentence at the urging of defense counsel, but ultimately concluded that, "[i]n view of all [of the Eighth Circuit's] recent holdings, I don't think that [it] believe[s] sixty months is adequate." Several cases decided between the date of Rivera's original sentencing and his re-sentencing hearing lend support for the district court's conclusion that this court would not find Rivera's proffered justifications for a reduction sufficient to warrant

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

a sixty-month sentence when the Guidelines call for 188 to 235 months' imprisonment. See, e.g., United States v. Bueno, 443 F.3d 1017, 1023 (8th Cir. 2006) (stating that "family ties and responsibilities" are a "disfavored reason" for granting a sentence reduction); United States v. Lazenby, 439 F.3d 928, 933 (8th Cir. 2006) ("[The defendant's] post-offense rehabilitation is dramatic and hopefully permanent, but a twelve month sentence for [an offense carrying an advisory Guidelines range of seventy to eighty-seven months' imprisonment] lies outside the limited range of choice dictated by the facts of the case.") (quotation omitted); United States v. Gatewood, 438 F.3d 894, 897 (8th Cir. 2006) (reversing a "substantial downward variance" in part because "[the defendant's] prior criminal history, while not egregious, does not justify extreme leniency"). Therefore, we find that a complete reading of the record shows that the district court considered Rivera's arguments for a non-Guidelines sentence, agreed that a downward variance was appropriate based on those arguments, and issued a below-Guidelines sentence that it believed would fall within the permissible range of choice as defined by circuit precedent. The district court concluded that sixty months did not fall into that range "[i]n view of all [our] recent holdings." As such, the district court's possible misreading of Rivera I on this point was harmless.

Rivera also argues that the district court failed to adequately articulate the reasons for its decision under 18 U.S.C. § 3553(a). We disagree. The district court heard each of Rivera's arguments for a lesser sentence. The record shows that the district court followed its statutory duty to consider the relevant sentencing factors: it found that a sixty-month sentence would be unreasonable given circuit precedent, but also found that Rivera warranted a downward variance "based on the factors that have been stated here in court," all of which were proper considerations under § 3553(a). In Rivera I, the government argued that Rivera's sentence was unreasonably low given circuit precedent and the relevant sentencing factors, including the advisory Guidelines range for Rivera's offense. We reversed and remanded because we could not evaluate those arguments on the abbreviated record

before us. Here, in contrast, Rivera makes no such claims of substantive unreasonableness; he argues only that we must require the district court to provide a lengthier explanation of its judgment. We agree with Rivera that the district court could have justified the sentence with a fuller and more complete statement of reasons, but "we have not held that the brevity of the record alone gives rise to a claim of per se unreasonableness." United States v. Mosqueda-Estevez, 485 F.3d 1009, 1013 (8th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007). We have reviewed the facts and the arguments put forth at the sentencing hearing, we find them sufficient to conclude that the sentence of 132 months was not unreasonable, and Rivera points to no relevant facts or sentencing factors suggesting otherwise. See Mosqueda-Estevez, 485 F.3d at 1013. Therefore, we affirm the judgment of the district court.

_____