# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4033

_____

United States of America,                    *
                                             *
            Appellee,                        *    Appeal from the United States
                                             *    District Court for the
       v.                                    *    Eastern District of Missouri.
                                             *
Robert Koebel,                               *    [UNPUBLISHED]
                                             *
            Appellant.                       *

_____

Submitted: October 11, 2007
Filed: October 16, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal of his 70-month prison sentence for possessing pseudoephedrine knowing it would be used to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2, Robert Koebel argues that his sentence is unreasonable because the district court[1] did not give reasons for refusing to vary more than 14 months below the applicable Sentencing Guidelines range, which makes it impossible for this court to engage in a meaningful reasonableness review of his sentence.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

We conclude that the record is sufficient to permit meaningful review, however, and we further conclude that Koebel's sentence is not unreasonable. The district court's statements, and the testimony and arguments from the sentencing hearing, convince us that the court considered the 18 U.S.C. § 3553(a) factors. See United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is not whether district court quoted or cited § 3553(a), but whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support finding of reasonableness). The court mentioned the circumstances of the offense and the circumstances and background of Koebel, and indicated that Koebel needed to pay his debt to society for engaging in criminal behavior, which are all proper sentencing factors. See 18 U.S.C. § 3553(a)(1) (in imposing sentence district court must consider nature and circumstances of offense and history and characteristics of defendant), (a)(2)(A) (sentence must reflect seriousness of offense, promote respect for law, and provide just punishment). Nothing in the record indicates that the court overlooked any relevant factor or considered an inappropriate factor. See United States v. Mosqueda-Estevez, 485 F.3d 1009, 1012-13 (8th Cir. 2007).

Accordingly, we affirm.

_____