# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3555

_____

United States of America,         *
         *
       Plaintiff - Appellee,    *
         *   Appeal from the United States
    v.             *   District Court for the Eastern
         *   District of Missouri.
Kevin D. Otterson,      *
         *
       Defendant - Appellant.  *

_____

Submitted: October 17, 2007
Filed: November 7, 2007 (corrected 11/8/07)

_____

Before RILEY, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Kevin D. Otterson pled guilty to Transporting Child Pornography and Possessing Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (a)(5)(B), respectively. The district court[1] imposed a sentence at the top of an uncontested Guidelines range, 235 months' imprisonment, followed by a lifetime of supervised release. Otterson appeals, arguing only that his sentence is unreasonable. We affirm.

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

I. Background

Based on Otterson's plea agreement and undisputed factual assertions in the Presentence Investigative Report ("the PSR"), the facts of Otterson's offense and related conduct were as follows. Otterson transported images over the Internet to an undercover officer who was posing as a thirteen-year-old girl, and the images depicted prepubescent minors or minors under the age of twelve engaged in sexual intercourse or oral sex with adult males. In addition, Otterson exposed himself via the Internet to the undercover officer and solicited contact with the undercover officer. He also suggested it had been two years since his last sexual encounter with a minor, and he referenced a desire for girls as young as five to nine years old. While executing a search warrant at Otterson's residence, officers discovered and seized computer files that contained more than ten but fewer than 150 images of child pornography, some of which displayed sadistic or masochistic conduct and children under the age of twelve.

Otterson's criminal history consisted primarily of convictions for burglary and theft-related offenses, most of which involved property of little value and some of which merited no criminal history points given the age of the convictions. He did, however, have a more recent conviction under Mo. Rev. Stat. § 566.090, "Sexual misconduct in the first degree," for engaging in sexual contact with a clothed child. The offense was a misdemeanor punishable by up to one year of imprisonment, and he received a sentence of forty-five days' imprisonment. The facts of the prior offense involved Otterson's presence at a clubhouse used by neighborhood children, his repeated interaction with the children, and his eventual inappropriate touching of a ten-year-old child between her legs. This led to an altercation with the girl's father and Otterson's arrest. The district court in the present case found Otterson had five criminal history points placing him in criminal history Category III.

Otterson's base offense level for the present crimes was twenty-two, and he received the following upward adjustments under the Guidelines: two levels because the pornographic materials involved prepubescent minors or minors who had not attained the age of twelve, U.S.S.G. § 2G2.2(b)(2); five levels because his offense involved distribution to an undercover agent he believed to be a minor, § 2G2.2(b)(3)(C); four levels because the material portrayed sadistic or masochistic conduct, § 2G2.2(b)(4); two levels because the offense involved the use of a computer, § 2G2.2(b)(6); and two levels because the offense involved at least ten but fewer than 150 images, § 2G2.2(b)(7)(A). He received a three-level downward adjustment for acceptance of responsibility under § 3E1.1(a) and (b), resulting in a total offense level of thirty-four and an overall advisory Guidelines range of 188–235 months' imprisonment.

At Otterson's sentencing hearing, Otterson emphasized the fact that he came from a troubled home, he was the victim of sexual abuse, his father sexually abused his sisters, and his mother was committed for mental health issues while Otterson was still a minor. He discussed his own well-documented history of physical and mental disabilities, including the fact that he suffered from Bell's palsy which, together with other conditions, Otterson claimed made social contact difficult and ensured he lived essentially as a hermit. Finally, he admitted that he had been using drugs at the time of the offense.

Otterson argued primarily that his social history and physical and mental infirmities provided justification for a lower sentence. He also argued that because he did not actually produce child pornography or physically touch any children related to the present offense, his sentence should not be at the top of the Guidelines range. Finally, he argued that his criminal history was overstated given his characterization of his prior property offenses as minor and his light sentence on the Missouri sex crime charge.

Following arguments, the district court imposed the sentence of 235 months to be followed by supervised release for life. The district court specifically stated its view as to the severity of the offense, referenced the sadistic and masochistic nature of the materials, and referenced Otterson's online discussions with the undercover officer who posed as a thirteen-year-old girl. The district court stated the sentence was appropriate "to address the sentencing objectives of just punishment, general deterrence, and incapacitation." The district court did not expressly address other factors under 18 U.S.C. § 3553(a) or discuss the issues Otterson raised as mitigating factors.

## II. Discussion

"We review the reasonableness of a sentence for abuse of discretion." United States v. Jones, 493 F.3d 938, 940 (8th Cir. 2007) (internal quotation omitted). On appeal, we extend a presumption of reasonableness to within-range sentences, and Otterson has the burden of proving that his within-range sentence is unreasonable. United States v. Rita, 127 S.Ct. 2456, 2462 (2007); United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007). While Otterson presents many factors showing that a different, lesser sentence would have been reasonable, he has failed to demonstrate that the sentence actually imposed was unreasonable. See Peck, 496 F.3d at 891–92 ("While this argument may explain why a different sentence would be reasonable, it fails to explain why the within-guidelines-range sentence he received is unreasonable.").

Otterson argues the district court failed to consider the issues he identified as mitigating factors, such as his mental and physical condition, his social history, the absence of physical contact with a minor in the present offense, his acceptance of responsibility, and the fact that he did not create the materials at issue in this case. All of these issues, however, were clearly presented to the court in the PSR and at the sentencing hearing and are accounted for in the undisputed Guidelines range. "[T]hat

range was fashioned taking into account the factors set forth at 18 U.S.C. § 3553(a)." United States v. Two Shields, 497 F.3d 789, 796 (8th Cir. 2007). Further, some of these issues—the fact that he did not produce the materials and that he did not have physical contact with a minor—serve primarily to demonstrate that Otterson was not shown to be guilty of a greater offense. They do not demonstrate that his within-range sentence is unreasonable.

Otterson takes issue with the brevity of the district court's discussion of the 18 U.S.C. § 3553(a) factors and argues the district court failed to consider or properly weigh important factors; we reject his arguments. While we will continue to urge sentencing courts to provide ample discussion for our review, we have held that the mechanical recitation of sentencing factors is unnecessary. United States v. Boleware, 498 F.3d 859, 862 (8th Cir. 2007) ("'[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.'" (quoting Rita, 127 S.Ct. at 2468)). Here, the court reviewed the PSR (to which Otterson made no objections), listened to Otterson's and the government's arguments, imposed the sentence with express discussion of the factors deemed most pertinent to the case, and proceeded to impose a lengthy series of special conditions related to treatment programs and future conditions on release.

Finally, Otterson argues specifically that his lengthy sentence fails to honor the goal of minimizing sentencing disparity among similarly situated defendants. He also argues that the district court improperly relied on general studies presented by the government about pedophiles and the large number of crimes that some such offenders purportedly commit prior to detection. Regarding sentencing disparity, Otterson's criminal history revealed a prior, similar offense, but he has not demonstrated other offenders so similarly situated or with such disparate sentences as to make his own sentence unreasonable. Regarding the studies, there is no suggestion the district court relied on the general information Otterson finds objectionable. In whole, the sentencing transcript does not reveal that the district court considered

improper factors, failed to consider important factors, or clearly erred in the weighing of those factors.  <u>Jones</u>, 493 F.3d at 940.

The judgment of the district court is affirmed.

_____