# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2126

_____

United States of America,        *
                                   *

        Appellee,          *

                                   *   Appeal from the United States

      v.                 *   District Court for the

                                   *   District of Nebraska.

Abdul F. Vann,               *

                                   *   [UNPUBLISHED]

        Appellant.        *

_____

Submitted: October 19, 2009
Filed: December 7, 2009

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Abdul Vann admitted a violation of the terms of his supervised release, the district court[1] revoked his term of supervised release and sentenced him to one year and one day in prison. Vann appeals the sentence, and we affirm.

In 2004, Vann pled guilty to the crime of unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). The court sentenced

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

him to thirty months' imprisonment, to be followed by three years of supervised release. In early January 2009, after thirty months on supervised release, Omaha police stopped a vehicle that Vann was driving and discovered an open container of alcohol and cocaine residue in the vehicle. Vann pled no contest in state court to attempted possession of a controlled substance. He was sentenced to 120 days in jail by the Douglas County District Court.

While the state proceedings were pending, the United States Probation Office filed a petition in the district court, alleging that Vann violated his conditions of supervised release. At a revocation hearing, Vann admitted his no-contest plea in state court on the charge of attempted possession of cocaine, and the district court found that Vann's offense constituted a violation of the terms of his supervised release. The statutory sentencing range for this violation was zero to two years' imprisonment, 18 U.S.C. § 3583(e)(3), and the advisory sentencing guidelines range was eight to fourteen months. USSG § 7B1.4(a). The district court sentenced Vann to one year and one day of imprisonment.

Vann asserts on appeal that the district court imposed an unreasonable sentence. Although 18 U.S.C. § 3742(e)(4) provides that the court of appeals should review a revocation sentence to determine whether it is "plainly unreasonable," our court has applied the same "unreasonableness" standard to both initial sentencing decisions and revocation proceedings after *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Bear Robe*, 521 F.3d 909, 910-11 (8th Cir. 2008). We review the district court's selection of a sentence under a deferential abuse-of-discretion standard, *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), and we have observed that it will be the unusual case, after *Gall v. United States*, 552 U.S. 38 (2007), in which we reverse a district court's sentence as substantively unreasonable. *Feemster*, 572 F.3d at 464. Where, as here, the sentence imposed is within the advisory guideline range, we also presume that it is reasonable. *United States v.*

*Boothe*, 491 F.3d 916, 917 (8th Cir. 2007); *Rita v. United States*, 551 U.S. 338, 347 (2007).

The statute governing revocation of supervised release, 18 U.S.C. § 3583(e)(3), provides that a court imposing a revocation sentence must consider several of the factors listed in 18 U.S.C. § 3553(a). Vann argues that several of the relevant § 3553(a) factors weigh in favor of a more lenient sentence. He suggests that the district court overstated the nature and seriousness of his offense, given his completion of eighty-three percent of his supervised release term, the non-violent character of his drug offense, his ability to maintain employment during his supervision term, and his attempts to continue his education. He asserts that his history and characteristics are suited to a shorter sentence, because he has "showed that he can be, and was, successful outside of incarceration." (Vann Br. 6). And he relies on the short sentence imposed by the State for his recent drug offense as evidence that he poses no danger to the public.

The district court was presented with all of this information, but found it unpersuasive. The court was entitled to make a different assessment of the seriousness of Vann's drug offense, to consider Vann's extensive criminal history (which placed him in Category VI at his original sentencing hearing), and to conclude that substantial incarceration was warranted to protect the public and deter unlawful conduct. The court permissibly concluded that Vann's attempt to possess cocaine while on supervised release for a firearms offense, together with his criminal history, outweighed the mitigating factors cited by Vann and justified a sentence within the presumptively reasonable guideline range. The court's evaluation falls within the wide range of discretion available to the district court.

The judgment of the district court is affirmed.

_____

-3-