UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>YONG S. CHA, AKA Edward Cha,<br><br>Defendant-Appellant. | No.   15-50465<br><br>D.C. No.<br>8:11-cr-00181-JLS-3<br>Central District of California,<br>Santa Ana<br><br>ORDER |

Before:  SCHROEDER and NGUYEN, Circuit Judges, and WHELAN,* District Judge.

The memorandum disposition filed October 26, 2018 (Docket Entry No. 75), and appearing at 741 F. App'x 410, is revised and replaced by an amended memorandum disposition concurrently filed with this Order.

With these amendments, the panel has voted to deny the petition for rehearing.  Judge Nguyen voted to deny the petition for rehearing en banc, and Judge Schroeder and Judge Whelan have so recommended.  The full court was advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petitions for rehearing and rehearing en banc are DENIED.  No further

---

*         The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

petitions for rehearing or rehearing en banc may be filed in response to the amended memorandum disposition.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50465 |
| Plaintiff-Appellee, | D.C. No. 8:11-cr-00181-JLS-3 |
| v. | |
| YONG S. CHA, | AMENDED MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted October 10, 2018
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and WHELAN,[**] District Judge.

Yong S. Cha appeals his conviction after a retrial for one count of making

false statements affecting a health care program, in violation of 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

§ 1035(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. Cha raises five issues on appeal. For the reasons that follow, we affirm.

Cha argues his retrial violated double jeopardy because his conviction in the first trial was based on insufficient evidence. Cha's first trial did not result in a hung jury, but rather a conviction that was later set aside. We assume, without deciding, that our Circuit law in the circumstances of this case permits Cha to challenge the sufficiency of the evidence to support the conviction in the first trial. The district court correctly ruled that the evidence was more than sufficient.

Cha raises two challenges to the district court's jury instruction. He claims it relieved the government of proving every element of the offense because it did not require the jury to find the treatment notes were forged. Cha was charged under 18 U.S.C. § 1035(a)(2), entitled "[f]alse statements relating to health care matters." Because there is no Ninth Circuit model jury instruction for § 1035, the district court used the model instruction for a violation of 18 U.S.C. § 1001(a)(3), which uses the same language—"false writing or document"—as § 1035(a)(2). Given the similar language and purpose of the two sections, § 1001(a)'s model jury instruction has been used in other cases involving a violation of section 1035. *See United States v. Natale*, 719 F.3d 719 (7th Cir. 2013) (evaluating district court's jury instruction for violation of 18 U.S.C. § 1035). Forgery is not an element of 18

2

U.S.C. § 1035(a)(2). The district court, therefore, did not err in patterning the jury instruction after the Ninth Circuit's model jury instruction for 18 U.S.C. § 1001(a).

Cha also contends the jury instruction constructively amended the indictment because the jury was not limited to convicting him for false statements in the treatment notes. Because there was no evidence that Cha "used" or "made" any documents other than the falsified treatment notes, the jury could only have convicted Cha for false statements in the treatment notes. Accordingly, there was no constructive amendment. *See United States v. Hartz*, 485 F.3d 1011, 1019–23 (9th Cir. 2006) (despite jury instruction's vague reference to "firearm," finding no constructive amendment where the only firearms introduced into evidence were those referred to in the indictment).

Cha next contends the district court erred in admitting into evidence his proffer statements. A district court's decision to admit proffer statements is a question of law reviewed de novo. *See United States v. Rebbe*, 314 F.3d 402, 405 (9th Cir. 2002). Cha's proffer agreement allowed the government to use his proffer statements to "refute or counter . . . any . . . statement or representation offered by or on behalf of" Cha. Because Cha's attorney made assertions at trial that were inconsistent with Cha's proffer statements, the district court did not err in admitting those statements into evidence. *Id.* at 407 (where defendant presented a

defense that was inconsistent with proffer statements, district court did not err in admitting proffer statements).

Cha's final argument is that the district court erred in not permitting him to cross-examine Dr. Pak's wife, So-Ja Pak, regarding potential bias. This argument is not supported by the record. Although the district court precluded Cha from re-litigating Dr. Pak's competency, it allowed Cha to cross-examine Mrs. Pak regarding potential bias, including the government's dismissal of her husband from the case and the fact she was testifying for the government.

**AFFIRMED.**