# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2537

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Arkansas
Nimrod Sanders,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Appellant.　　　　　*

_____

Submitted: February 11, 2008
Filed: May 6, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

While on supervised release following his conviction and imprisonment for armed bank robbery, Nimrod Sanders appeared at the United State Probation Office and asked to be taken into custody. The Probation Officer explained that Sanders was not in violation of the terms of his release. Sanders responded, "Do I need to commit another crime or do something, because I want to go into custody." Concerned that Sanders might be a danger to others in the community, the Probation Officer petitioned the district court[1] for an arrest warrant and revocation hearing.

_____

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Undoubtedly due to Sanders's bizarre request, the district court ordered that Sanders undergo a mental evaluation to determine whether he was competent to represent himself or assist in his own defense. See 18 U.S.C. § 4241. Sanders appealed the order, and we took jurisdiction under the collateral order doctrine. See United States v. Ferro, 321 F.3d 756, 759-60 (8th Cir. 2003).

Since this appeal was filed, the Bureau of Prisons evaluated Sanders and concluded that he was competent to stand trial. The district court held a revocation hearing and modified the conditions of Sanders's release. Consequently, the Government asserts that the only issue in this appeal is moot. Sanders urges us to consider his appeal notwithstanding its mootness, suggesting that the issue is capable of repetition, yet evading review.

Article III of the United States Constitution limits the power of federal courts to deciding only cases and controversies. De Funis v. Odegaard, 416 U.S. 312, 316 (1974). Therefore, we are without the power to decide moot questions, that is, when the issues are not live and the parties lack a legally cognizable interest in the outcome. Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam). An exception to the mootness rule, however, are cases that are capable of repetition, yet evading review. Id. at 482. This exception is limited to situations in which (1) the challenged action is of too short a duration to be fully litigated before it comes to an end, and (2) there is a reasonable expectation that the complaining party will be subject to the same action again. Id.

A "reasonable expectation" is something more than a merely physical or theoretical possibility; rather, there must be a demonstrable probability that the same controversy, involving the same complaining party, will recur. Id. In Murphy, the controversy involved a criminal defendant who claimed he was denied bail, but was convicted of the crime before the district court decided his complaint. Id. at 479-80.

The Supreme Court was unwilling "to believe that Hunt will once again be in a position to demand bail before trial." Murphy, 455 U.S. at 484.

Likewise, Sanders has not shown a demonstrable probability that he will once again be in a position to challenge an order that he undergo a mental evaluation as to his competence to represent himself or assist in his own defense. As such, Sanders has not met his burden of demonstrating that this court has subject matter jurisdiction. See V S Ltd. P'ship v. HUD, 235 F.3d 1109, 1112 (8th Cir. 2000).

Because the issue in this appeal is moot, we dismiss the appeal.
_____