In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1329

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NICHOLAS D. STENSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:11-cr-50066-1 — **Frederick J. Kapala**, *Judge.*

ARGUED OCTOBER 29, 2013 — DECIDED January 24, 2014

Before WOOD, *Chief Judge*, and KANNE and HAMILTON,
*Circuit Judges.*

KANNE, *Circuit Judge.* A jury found Nicholas Stenson guilty
of possessing a firearm after having been convicted of a felony.
At sentencing, the district court imposed a two-level obstruc-
tion of justice enhancement, finding that Stenson willfully
committed perjury when he testified on his own behalf.
Stenson challenges both the constitutionality and applicability
of the enhancement. For the following reasons, we affirm.

## I. Background

On the morning of July 10, 2011, Rockford Police conducted a "suppression detail" in the Rockford area, which involves patrolling high crime areas where criminal activity has been reported. During the detail, five squad cars pulled up to a group of individuals drinking alcohol in the street next to a green Pontiac. The officers surrounded the car and activated their emergency lights, which resulted in numerous individuals, including Stenson, running towards the back of the vehicle.

A number of officers saw Stenson reach into his waistband and throw something to the ground. Once the object hit the concrete it sounded like metal. The officers found two firearms under the vehicle, one of which was attributed to Stenson. He was subsequently charged with being a felon in possession of a firearm.

At trial, the sole issue was whether Stenson possessed a firearm on the morning of July 10. The government contended that, upon the arrival of the police officers, Stenson ran to the back of the Pontiac, reached into his waistband, and discarded the firearm beneath the Pontiac. The testimony of the arresting officers was the most substantial evidence against Stenson. Officer Juan Tapia testified that he saw three individuals run towards the back of the Pontiac, whereupon he heard a metal scratching sound from the back of the vehicle. Officer Andrew Seale testified that he saw Stenson reach into his waistband and throw something on the ground that sounded like a heavy metal object. He then saw the same object slide towards the tire of the vehicle, at which point he shined his flashlight on the object and identified it as a handgun. Officer Gregory Yalden

also testified that he observed Stenson run to the back of the vehicle and discard an item underneath the vehicle that sounded like metal once it hit the pavement. Officer Donald Dulgar, who patted down Stenson, did not find a gun on his person but identified a black Samsung cell phone by his feet.

Stenson argued that the item he threw was his cell phone and not the handgun the officers found under the vehicle. To support this contention, Stenson testified on his own behalf. He stated on direct examination that he never touched or even saw a gun on the evening he was arrested. Rather, at the time the police arrived, he had his phone in his hands and was checking through it because he was anticipating a phone call. Once the police arrived, Stenson stated that he dropped his phone in the grass. He repeatedly denied dropping anything under the vehicle or on the street.

The jury found Stenson guilty. According to the Presentence Investigation Report (PSR), Stenson's base offense level was 24. The government objected to the failure to include a two-point enhancement for obstruction of justice in the PSR, arguing that Stenson committed perjury when he testified at trial. Stenson disputed giving false testimony and claimed that his position about what transpired on July 10, 2011 had been consistent since his arrest.

The district court identified numerous instances of perjury by Stenson during his testimony. First, on direct examination, Stenson repeatedly denied possessing a gun. Then, on cross-examination, Stenson denied having a firearm the night he was arrested and insisted that it was his cellular phone that was in his hands when the police arrived. The court found the offi-

cers' testimony more credible than Stenson's. It based this finding in part on Stenson's demeanor at trial. The court also found that the false testimony was material, as it would exonerate Stenson had the jury believed his version of what transpired. Finally, the court found the testimony to be deliberate and not the result of confusion, mistake, or faulty memory. The district court sustained the government's objection to the PSR and applied the two-level obstruction of justice enhancement to Stenson's sentence, raising his offense level to 26. The court sentenced Stenson to 120 months' imprisonment.

## II. ANALYSIS

### A. Constitutionality of U.S.S.G. § 3C1.1

Stenson first challenges the constitutionality of United States Sentencing Guidelines (U.S.S.G.) § 3C1.1. We review constitutional challenges to a sentence *de novo*. *United States v. Brucker*, 646 F.3d 1012, 1016 (7th Cir. 2011).

U.S.S.G. § 3C1.1 provides for a two-level enhancement if the district court finds that the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice[.]" Perjury is a well-settled example of conduct that may warrant an enhancement under § 3C1.1. *United States v. Taylor*, 637 F.3d 812, 817 (7th Cir. 2011). An individual commits perjury if, while under oath, he provides "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Bermea-Boone*, 563 F.3d 621, 627 (7th Cir. 2009). Thus, to apply an enhancement for perjury under § 3C1.1, a district court should

make findings as to false testimony, materiality, and willful intent. *United States v. Johnson*, 612 F.3d 889, 893 (7th Cir. 2010).

Stenson alleges that the enhancement as applied to his case denies him the right to a fair trial, as the district court's finding that Stenson perjured himself was based solely on testimony that was "inconsistent" with that provided by government witnesses. He contends that applying the enhancement in this manner forces a defendant to choose between his right to testify on his own behalf or remain silent so as not to receive an obstruction enhancement under § 3C1.1. Yet in *United States v. Dunnigan*, the Supreme Court explicitly held that § 3C1.1 is constitutional, despite its potential to dissuade a defendant from testifying on his own behalf. 507 U.S. 87, 96 (1993) ("Nor can respondent contend § 3C1.1 is unconstitutional on the simple basis that it distorts her decision whether to testify or remain silent. Our authorities do not impose a categorical ban on every governmental action affecting the strategic decisions of an accused, including decisions whether or not to exercise constitutional rights."). And while a defendant is allowed to testify on his own behalf, he does not have the right to commit perjury. *United States v. Jackson*, 300 F.3d 740, 749 (7th Cir. 2002) (citing *Dunnigan*, 507 U.S. at 96).

Consistent with the Supreme Court's decision in *Dunnigan*, we have repeatedly rejected constitutional challenges to obstruction enhancements based on material and willful testimony that was found to be incredible. *See, e.g., United States v. Williams*, 553 F.3d 1073, 1081-82 (7th Cir. 2009) (upholding obstruction of justice enhancement despite the "chilling effect" on a defendant's right to testify.); *Jackson*, 300 F.3d at 749 ("the Supreme Court has explicitly held that a

defendant cannot contend that section 3C1.1 is unconstitutional on the simple basis that it distorts a defendant's decision to testify or remain silent."); *United States v. Emerson*, 128 F.3d 557, 563 (7th Cir. 1997) ("§ 3C1.1 is not intended to punish a defendant for exercising his right to testify, but the guideline does punish those who commit perjury when denying their guilt."). Accordingly, we find no constitutional error.

### B. Application of § 3C1.1

Stenson further alleges that the obstruction enhancement was not warranted, as his testimony was a general denial of guilt. We review the sufficiency of the district court's obstruction of justice findings *de novo* and the underlying factual findings for clear error. *United States v. Parker*, 716 F.3d 999, 1012 (7th Cir. 2013). We will reverse for clear error only when we are "firmly convinced" that a mistake has been made. *United States v. Dinga*, 609 F.3d 904, 909 (7th Cir. 2010).

We have recognized that a "simple denial of culpability cannot serve as the basis of an obstruction of justice enhancement pursuant to § 3C1.1." *United States v. White*, 240 F.3d 656, 662 (7th Cir. 2001). But when a defendant "decides to take the stand and tell the jury a story, he does so at his own risk, for if he commits perjury, the court may, at the time of sentencing, enhance his sentence for obstructing justice." *United States v. Hickok*, 77 F.3d 992, 1007 (7th Cir. 1996) (internal quotation marks omitted). Accordingly, when a defendant falsely testifies regarding a material matter with the intent to provide such false testimony rather than as a result of confusion, mistake, or faulty memory, the court may apply the obstruction enhancement. *United States v. Williams*, 272 F.3d 845, 864 (7th Cir. 2001).

The sole material issue in this case is whether Stenson possessed the firearm found under the vehicle. Stenson did not merely deny  that he possessed the firearm; rather, Stenson repeatedly denied even seeing a firearm and testified that it was his cell phone, not a firearm, that the police officers saw in his possession when they arrived. The court found Stenson's testimony incredible in light of the other evidence presented at trial. It also found that this testimony was material and not the result of confusion, mistake, or faulty memory and therefore applied the obstruction of justice enhancement. We find no clear error in this determination.

### III. CONCLUSION

For the reasons set forth above, we AFFIRM the sentence imposed by the district court.