In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1672

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

OSCAR RASH,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin
No. 07 CR 201 — **Charles N. Clevert, Jr.**, *Judge.*

ARGUED OCTOBER 5, 2016 — DECIDED OCTOBER 27, 2016

Before BAUER, FLAUM, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Oscar Rash, who was convicted of possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), challenges the district court's decision to apply a two-level upward adjustment for obstruction of justice. At his trial Rash had conceded to possessing the gun, but the district court found at sentencing that he had also deceptively downplayed his involvement with the gun. Rash argues that, because he conceded possession, his false testimony about his connection

to the gun was immaterial to his conviction. But because the district court reasonably concluded that Rash's lie could have misled the jury to acquit him, the lie was material and the adjustment for obstruction was proper. Therefore we affirm.

## I. BACKGROUND

In 2007, police caught Rash, a felon, with a gun. They caught him after they responded to a report of a man with a gun and encountered Rash. They then saw him take something, which turned out to be a gun, from his waistband and drop it. Rash was arrested, and during his interview with one of the officers he said that the gun belonged to his girlfriend, Monica. He explained that after he saw that she had left her gun in his house, he went to return it to her since he knew that he could not have a gun in his house.

Criminal proceedings followed. At trial Rash repeated what he had told the police officers—that he was merely returning the gun to Monica, the owner. But the government introduced video footage from a gun store showing that Rash had a deeper connection to the gun—he had twice accompanied Monica to the store to help purchase it. Rash denied any role in purchasing the gun; he testified that he "was just in the store with her," and "just walked around and was looking." At closing, Rash's attorney urged the jury to acquit Rash in part because he "did not" purchase the gun.

At sentencing, the court applied a two-level upward adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1. The court found that the store's videotape footage showed "clearly that [he was] engaged in assisting in the purchase of that gun" and that he was "not just a disinterested man in the store." The court concluded that the statements Rash made denying

"helping [his] girlfriend pick up the gun and that [he was] not paying attention to her and [was] just walking around" were "clearly false," and therefore provided "a basis for points for obstructing in this case." The court noted, however, that the obstruction enhancement did "not essentially change" the Guidelines range since Rash was subject to a 15-year mandatory minimum sentence as an armed career criminal, *see* 18 U.S.C. § 924(e).

Rash's sentence later was vacated under 28 U.S.C. § 2255 after *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated the part of the Armed Career Criminal Act that determined Rash's sentence. During his resentencing hearing in 2016, Rash's attorney argued against the proposed enhancement for obstruction of justice. When, as here, the enhancement is based on perjury, it has three elements: (1) "providing false testimony"; (2) "concerning a material matter"; (3) "with the willful intent to provide such false testimony." *United States v. Arambula*, 238 F.3d 865, 868 (7th Cir. 2001). Without disputing the first and third elements, counsel contended only that Rash's statements regarding his role in the gun store were not material because Rash had admitted at trial that he possessed a gun.

The district court disagreed and applied the enhancement. Initially it ruled that Rash's testimony was material simply because it was sworn: "What a witness has to say under oath in a determination by—in a hearing where the finder of fact needs to assess the credibility of all the proof is material." The government then argued that Rash's testimony was material because it minimized his connection to the gun and therefore could have "encourage[d] the jury to nullify and not convict him of possession … ." The court agreed with that logic as

well. It then applied the two-level adjustment, producing a guideline range of 92 to 115 months. Without the enhancement, the guidelines would have called for a sentence between 77 and 96 months. *See* U.S.S.G. Ch. 5, Pt. A. The court imposed a mid-range sentence of 100 months.

## II. DISCUSSION

We start with a brief word about mootness. Although Rash was released from prison on September 9, 2016, his appeal is not moot because he is currently serving a term of supervised release (a form of custody), and a resentencing can still provide him some relief by shortening that term. *See United States v. Laguna*, 693 F.3d 727, 729 (7th Cir. 2012); *United States v. Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011); *United States v. Larson*, 417 F.3d 741, 747 (7th Cir. 2005). Consequently we proceed to the merits.

Rash argues on appeal that the district court erroneously ruled that his testimony was material and therefore improperly applied the upward adjustment for obstruction. Under § 3C1.1, testimony is material if it is information "that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, cmt. n.6. The parties focus on Rash's testimony about his role in the gun store, and the government proposes two ways in which that testimony was material: First, it could have encouraged the jury to acquit through nullification. Second, it could have influenced the sentence. After considering both contentions, we agree with the first but not the second.

We begin with the nullification argument. Rash maintains that his false testimony was not material because, after he admitted to possessing the firearm, his lie about his role in its

purchase was not "crucial to the question of guilt or innocence." *Arambula*, 238 F.3d at 868. *See United States v. Senn*, 129 F.3d 886, 899 (7th Cir. 1997) (defendant's admission that he accepted marijuana proved the offense; false testimony about what he did with it was immaterial, rendering the obstruction enhancement clear error), *abrogated on other grounds by United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012); *United States v. Parker*, 25 F.3d 442, 448–449 (7th Cir. 1994) (vacating an obstruction enhancement for a defendant who admitted his guilt, but falsely stated that he stole $200 rather than $1252 from a bank); *United States v. Stenson*, 741 F.3d 827, 831 (7th Cir. 2014) (adjustment upheld in firearm possession because defendant falsely testified "that it was his cell phone, not a firearm, that the police officers saw in his possession when they arrived"); *United States v. Saunders*, 359 F.3d 874, 879 (7th Cir. 2004) (adjustment upheld because defendant lied about possessing a gun, "the central issue at his trial"); *United States v. Sheikh*, 367 F.3d 683, 687 (7th Cir. 2004) (upholding an adjustment because each defendant lied about knowingly redeeming illegally obtained food stamps, a matter that was "certainly crucial" to guilt).

But even if his false testimony was not material to whether he possessed the gun unlawfully, it was nonetheless material to his conviction for that crime. When Rash lied that he had no role in buying the gun, he sanitized his connection to it and bolstered his exculpatory claim that he possessed the gun only to return it to its owner after he found it in his house. That spin on his conduct might have swayed the jury to decide that, despite his admitted unlawful possession, it should disregard the law and acquit him. A jury has the unreviewable power to nullify the law by acquitting a defendant even when the facts and law compel conviction. *See United States v.*

*Sorich*, 709 F.3d 670, 678 (7th Cir. 2013); *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988). Jury nullification is a material risk when, as in this case, the jury receives information that invites it to ignore the law. *See Laguna*, 693 F.3d at 731. For that reason, the government may punish advocacy of jury nullification as obstruction of justice. *See Braun v. Baldwin*, 346 F.3d 761, 763 (7th Cir. 2003). Rash's lie that he played no role in the gun's purchase might not have risked influencing the jury quite as much as the government fears. But because Rash's (false) testimony potentially invited the jury to ignore the law, his testimony created a material risk of nullification. It therefore warranted the enhancement for obstruction of justice.

We note that the district court initially made an incorrect, but ultimately harmless, overstatement when it suggested that material testimony includes anything a witness says under oath. Not all sworn testimony, even if false, is material. *See, e.g., Senn*, 129 F.3d at 899; *Parker*, 25 F.3d at 448–449. But the court later adopted the government's more limited rationale for the obstruction enhancement: Rash's lie put his illegal behavior in a favorable light, and that lie, "if believed, would tend to influence or affect," U.S.S.G. § 3C1.1, cmt. n.6, the jury to use its nullification power. So the district court's earlier misstatement was harmless. *See United States v. Hill*, 645 F.3d 900, 906 (7th Cir. 2011).

For completeness, we explain why Rash's false testimony was not material to his sentencing. False testimony is material if it could affect a defendant's sentence. *See United States v. Sapoznik*, 161 F.3d 1117, 1121 (7th Cir. 1998) (holding that a defendant obstructs justice not only when he makes it more difficult for the government convict him, but "also when he makes it more difficult for the court to give him the sentence

that is his just desert"). But Rash's false testimony deflecting his role in purchasing the gun did not have a realistic possibility of affecting his sentence. Once he was convicted of unlawful possession of a firearm in 2008, he necessarily faced a mandatory minimum of 15 years under 18 U.S.C. § 924(e) as an armed career criminal. The prospect that § 924(e) was unconstitutional, rendering his testimony at trial material to sentencing, was too remote—the Supreme Court would not decide *Johnson* for another seven years.

Finally we observe that in imposing its obstruction adjustment, the district court did not find that Rash specifically intended to obstruct justice through his lie, a finding that this court has previously required. *See United States v. Gage*, 183 F.3d 711, 717 (7th Cir. 1999) (remanding a case for resentencing when the district court's obstruction enhancement did not include a specific "factual finding that [the defendant] told the lie intending to obstruct justice"). But because Rash limited his argument on appeal to the materiality of this testimony, we have addressed only that one contested issue.

## III. CONCLUSION

Because Rash's false testimony was material to the risk of jury nullification for the purposes of a § 3C1.1 obstruction adjustment, we affirm.