# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3510

_____

United States of America,

*Plaintiff - Appellee,*

v.

Roxanne Spotted Horse,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 8, 2017
Filed: August 11, 2017
[Published]

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Roxanne Spotted Horse appeals her sentence of 24 months' imprisonment and one month of supervised release that the district court imposed after it revoked her supervised release for the second time. The sentence exceeded the district court's statutory authority under 18 U.S.C. § 3583, so we vacate the sentence and remand for resentencing.

Spotted Horse pleaded guilty to assault with a dangerous weapon in July 2013. The district court sentenced Spotted Horse to 12 months and one day in prison, followed by two years of supervised release. Five months after Spotted Horse was released from prison, the probation office petitioned the court to revoke her supervised release. Spotted Horse admitted that she violated the terms of her supervised release by failing to notify the probation office that she had been arrested. The district court revoked Spotted Horse's first term of supervision and sentenced her to 13 months in prison and two more years of supervised release.

Approximately 15 months into her second term of supervision, the probation office filed a second petition to revoke Spotted Horse's supervised release. The second petition alleged that she had violated the terms of her release by consuming alcohol, failing to participate in substance abuse treatment programs, failing to maintain contact with the probation office, and failing to report a change of residence. After Spotted Horse admitted consuming alcohol on the specified occasions, the district court revoked her supervised release and imposed the sentence at issue here.[*]

Spotted Horse's advisory guideline range was three to nine months' imprisonment. Both the government and Spotted Horse requested a sentence within the advisory range. The district court disagreed and sentenced her to 24 months' imprisonment and one month of supervised release. Including the most recent sentence, the district court imposed a total of 37 months' imprisonment since the first revocation.

---

[*]The judgment reflects that Spotted Horse admitted to violations two and three. R. Doc. 72, at 1. At sentencing, however, the district court adopted the report and recommendation of a magistrate judge, which stated that Spotted Horse admitted the first charged violation (consuming alcohol on certain occasions), and that the government would dismiss violations two and three. *See* R. Doc. 63, at 1-2. This discrepancy does not affect the sentence.

Spotted Horse appeals. She argues that the district court exceeded its statutory authority under 18 U.S.C. § 3583, and the government concurs. Having reviewed the matter *de novo*, we agree with the parties that there was an error that requires resentencing.

When a district court revokes a defendant's term of supervised release, the court may sentence the defendant to both a prison term and a term of supervision. 18 U.S.C. §§ 3583(e)(3), (h). The period of supervised release, however, may not exceed the statutory maximum term of supervised release less the total number of months' imprisonment that the court has imposed since the first revocation. *Id.* § 3583(h); *see United States v. Zoran*, 682 F.3d 1060, 1063-64 (8th Cir. 2012).

Spotted Horse's underlying offense, assault with a dangerous weapon, is a class C felony that carries a statutory maximum of 36 months of supervised release. *See* 18 U.S.C. §§ 113(a)(3), 3559(a)(3), 3583(b)(2). The statute thus permitted the district court, upon the second revocation, to sentence Spotted Horse to a term of supervised release only if the court imposed fewer than 36 months of imprisonment total for the first and second revocations. The district court ordered 13 months' imprisonment after the first revocation, so when it imposed a 24-month term for the second revocation, the court had already imposed a total of more than 36 months' imprisonment. Under that circumstance, the court lacked authority to add any period of supervised release.

For these reasons, we vacate the revocation sentence and remand for resentencing. It is for the district court in the first instance to determine the appropriate combination of months of imprisonment and months of supervised release from the possibilities permitted under §§ 3583(e)(3) and 3583(h). Because we do not know what terms the district court will impose on remand, it is premature to consider Spotted Horse's argument that a 24-month term of imprisonment is substantively unreasonable.

------------------------------------