# United States Court of Appeals
## For the Eighth Circuit
_____

No. 17-3487
_____

Scott Lee Owen,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.
_____

Appeal from United States District Court
for the District of North Dakota - Fargo
_____

Submitted: February 11, 2019
Filed: July 19, 2019
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Scott Owen appeals the district court's[1] denial of his motion to set aside or correct his sentence under 28 U.S.C. § 2255. We conclude that the appeal is moot,

_____

[1]The Honorable Ralph R. Erickson, then United States District Judge for the District of North Dakota.

because Owen was released from prison while this appeal was pending, and his § 2255 motion challenged only the length of his now-completed prison term.

In 2004, Owen pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). The district court applied a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on six prior convictions for Missouri second-degree burglary. The court sentenced Owen as an armed career criminal to 188 months' imprisonment and three years of supervised release.

After the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, Owen moved to set aside or correct his sentence under § 2255. He argued that, in light of *Johnson*, his six Missouri burglary convictions no longer qualified as violent felonies under the ACCA. The district court denied the motion, concluding that three of Owen's burglary convictions still qualified as violent felonies under the enumerated-offenses clause of § 924(e)(2)(B)(ii). Owen filed a notice of appeal on November 13, 2017, and he disputes the court's determination that he was an armed career criminal. *See United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018) (en banc).

Owen was released from prison on January 29, 2018, while this appeal was pending, and the government argues that the appeal is moot. *See generally Alvarez v. Smith*, 558 U.S. 87, 92-94 (2009). Owen does not contend that he suffers any collateral consequence from the expired term of imprisonment, *see United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (per curiam), but he asserts that there is still a live case or controversy arising from his continued term of supervised release. He suggests that if he were to prevail on the merits of this appeal, then the district court on remand would have discretion to impose a shorter term of supervised release. *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(a), (b)(2); USSG § 5D1.2(a)(2).

We conclude that the appeal is moot because Owen's § 2255 motion challenged only his term of imprisonment, which has now expired; he did not dispute the term of supervised release. Owen's motion explained that he had "served in excess of 144 months as of the date of this petition" and was "eligible for immediate release if sentenced within his correct statutory maximum." R. Doc. 23, at 2. Owen's prayer for relief requested only "that his sentence be vacated and that he be re-sentenced to a *term of months within the applicable statutory maximum of ten years* and his corrected Guideline range." *Id.* (emphasis added). Owen's memorandum in support of his motion likewise requested only "that his sentence be vacated and that he be re-sentenced to a *term of months* within the corrected statutory maximum and Guideline range." R. Doc. 23-1, at 4 (emphasis added).

Owen insists that he did challenge the term of supervised release and points to statements in which he requested generically that the court vacate his "sentence" and re-sentence him. Although a term of supervised release is "a part of the sentence," 18 U.S.C. § 3583(a), Owen did not seek relief with respect to that aspect of his sentence in this case. He argued exclusively for a reduced term of imprisonment and release from prison.

Now that Owen has been released from prison, the court cannot grant any effectual remedy, because Owen has obtained all of the relief that he sought. There is thus no ongoing case or controversy. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982); *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). The mere fact that Owen is serving an unexpired, *unchallenged* term of supervised release does not sustain an actual controversy. *Accord United States v. Rhoads*, 718 F. App'x 755, 756 (10th Cir. 2018).

Owen cites authorities holding that an appeal is not moot where a resentencing court would have discretion to reduce a pending term of supervised release. *See United States v. Abu Nahia*, 230 F. App'x 641, 641 (8th Cir. 2007) (per curiam);

*United States v. Johnson*, 729 F. App'x 229, 229-30 (4th Cir. 2018) (per curiam); *United States v. Rash*, 840 F.3d 462, 464 (7th Cir. 2016); *United States v. Doe*, 810 F.3d 132, 138, 143 (3d Cir. 2015); *United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir. 2006). But none of those decisions addresses a situation where the movant did not seek relief from the term of supervised release. Owen also cites *United States v. Rhone*, 647 F.3d 777 (8th Cir. 2011), where an appeal continued after the appellant was released from prison but was serving a term of supervised release. The appellant in *Rhone* challenged an underlying revocation of a previous term of supervised release that resulted in a longer term of supervised release in the new sentence. *Id.* at 778-79, 779 n.2. In that situation, the *revocation itself* had "continuing consequences," even though the appellant had been released from prison, so the appeal of the revocation decision was not moot. *Id.* at 779 n.2. Owen, by contrast, did not challenge his underlying conviction; he challenged only the term of imprisonment that has now expired.

For these reasons, Owen's appeal is dismissed as moot.

_____