# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1509

_____

United States of America

*Plaintiff - Appellee*

v.

James B. Mitchell

*Defendant - Appellant*

_____

No. 20-1510

_____

United States of America

*Plaintiff - Appellee*

v.

James B. Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 14, 2020
Filed: January 4, 2021
[Unpublished]
_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

In two separate criminal proceedings, James B. Mitchell pleaded guilty to several federal crimes.  In the first case, the district court[1] sentenced Mitchell to 126 months' imprisonment and three years' supervised release.  In the second, the court sentenced Mitchell to twelve months' imprisonment (to run consecutively with the prior sentence) and three years' supervised release (to run concurrently with the prior supervised-release term).

Mitchell moved to reduce both sentences pursuant to 18 U.S.C. § 3582(c)(1) and asked for immediate release from prison.  The district court denied Mitchell's motion.  Mitchell appeals the district court's denial and, for the first time, also argues that his continued imprisonment during the COVID-19 pandemic violates the Eighth Amendment.

Before considering the merits, we must first determine whether we have subject-matter jurisdiction over Mitchell's appeal.  *See, e.g., Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002) ("Subject matter jurisdiction is a threshold matter that we are obligated to address at the outset.").  "Under Article III of the Constitution, [we] may adjudicate only actual, ongoing cases or controversies." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004) (internal quotation marks omitted); *see also United States v. Sanders*, 276 F. App'x 532, 533 (8th Cir. 2008) (per curiam) (same).  "Thus, we will dismiss as moot a case in which changed

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

circumstances have already provided the requested relief and eliminated the need for court action." *Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013) (internal quotation marks and brackets omitted); *Sanders*, 276 F. App'x at 533 (same).

Here, the relief Mitchell sought from the district court was to be released from prison. While this appeal was pending, he was released from prison. Thus, Mitchell has already obtained his requested relief, and his appeal is moot. *See, e.g., Tillisy v. Lappin*, 324 F. App'x 543, 543 (8th Cir. 2009) (per curiam) (holding that a prisoner's challenge of an early-release denial was moot when he had been released pending his appeal).

Although Mitchell acknowledges his request for early release is now moot, he insists his appeal is not because we could still order the district court to reduce his term of supervised release. But, as Mitchell candidly concedes, he did not ask the district court to reduce his supervised-release term. Accordingly, Mitchell has already obtained what he sought from the district court. For example, in *Owen v. United States*, we dismissed a challenge to an already-completed prison term as moot. 930 F.3d 989, 991 (8th Cir. 2019). We rejected the argument that "there [was] still a live case or controversy arising from [a] continued term of supervised release" because the appellant had not challenged his term of supervised release before the district court. *Id.* at 990. So too here, "[t]he mere fact that [Mitchell] is serving an unexpired, *unchallenged* term of supervised release does not sustain an actual controversy." *See id.*

For the foregoing reasons, we dismiss Mitchell's appeal as moot.

_____