NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2021
Decided July 19, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-2386

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:17CR015-001 |
| PATRICK HANCOCK, *Defendant-Appellant*. | Jon E. DeGuilio, *Chief Judge*. |

**O R D E R**

While on supervised release for a conviction for possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), Patrick Hancock admitted to committing a battery—a misdemeanor under Indiana law and a violation of the conditions of his federal supervised release. The district court revoked Hancock's supervised release and sentenced him to nine months in prison with no further supervised release.

Hancock, who was released in November 2020, appeals the judgment, but his appointed counsel moves under *Anders v. California*, 386 U.S. 738, 744 (1967) to withdraw, asserting that the appeal is frivolous because the case is now moot. Defendants, however, have no constitutional right to counsel in a revocation proceeding

when, as here, the defendant admits violating the conditions of supervision and neither challenges the appropriateness of revocation nor asserts substantial and complex grounds in mitigation. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). The *Anders* safeguards therefore do not govern our review of counsel's motion to withdraw, although we follow them to ensure consideration of potential issues. *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987)). Because her analysis is thorough, and Hancock offers no response, *see* Cir. R. 51(b), we limit our review to the issue counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel correctly concludes that Hancock cannot make any non-frivolous arguments because his appeal is moot. A controversy, redressable through a favorable judicial decision, must continue throughout the litigation, including any appeal. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). Hancock has been released from prison and is not under supervision, which is a form of "custody" that keeps a case alive. *United States v. Rash*, 840 F.3d 462, 464 (7th Cir. 2016); *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001). A resentencing could not benefit him, nor could any form of success on appeal. *See Trotter*, 270 F.3d at 1152.

Collateral consequences can keep a criminal case live even after all custody ceases, but we agree with counsel that Hancock could not point to any here. Once a sentence ends, a criminal appeal will become moot unless a litigant can show that there is some concrete, continuing injury. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Although we presume that a criminal *conviction* has collateral consequences, the presumption does not extend to other actions in a criminal case. *Id.* at 14. The potential collateral consequences resulting from the revocation of supervised release, and the associated sentence, are too speculative. *See id.* at 14–16 (possibility that parole revocation would be used in future disciplinary or court proceedings too speculative to keep case from being moot).

Finally, counsel properly rejects the potential argument that Hancock's case falls within the "capable of repetition yet evading review" exception to mootness. The exception applies only if the complaining party can be reasonably expected to experience the same harm again. *Sanchez-Gomez*, 138 S. Ct. at 1540. Because he is not under supervision, Hancock would need to commit and be convicted of another federal crime before he could be subject to any form of federal custody. But we presume that people will abide by the law in the future. *Id.* at 1541.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.