# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3655
_____

United States of America

*Plaintiff - Appellee*

v.

Derek Michael Caquelin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: November 15, 2021
Filed: April 6, 2022
[Unpublished]

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Derek Caquelin pled guilty to one count of possession of less than 50 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). The district court[1] varied upward five months from the United States

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Sentencing Guidelines range when sentencing Caquelin to 12 months of imprisonment followed by two years of supervised release. Caquelin appeals his sentence, arguing the district court imposed a substantively unreasonable sentence. We conclude the appeal is moot. Caquelin was released from prison while this appeal was pending and his appeal challenged only the length of his now-completed prison term, so no additional relief may be granted. *See Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019) (holding since the defendant "has been released from prison, the court cannot grant any effectual remedy" in response to his sentencing challenge). If Caquelin were to prevail on the merits of his appeal, the district court would not have discretion to impose a shorter term of supervised release. *See* 21 U.S.C. § 841(b)(1)(D) (requiring minimum of two years supervised release). In any event, Caquelin did not dispute any aspect of his supervised release term. *See Owen*, 930 F.3d at 990–91 (noting "an unexpired, *unchallenged* term of supervised release does not sustain an actual controversy").

For these reasons, Caquelin's appeal is dismissed as moot.

_____