# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2291
_____

United States of America

*Plaintiff - Appellee*

v.

Eugene C. Saunders

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: April 12, 2022
Filed: August 26, 2022
[Published]
_____

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Eugene C. Saunders was convicted of conspiracy to distribute cocaine base
(crack cocaine) in 1997 and sentenced to 240 months' imprisonment followed by 10
years' supervised release, then-mandatory minimum terms. See 21 U.S.C. §§ 841(a),
(b)(1)(A), and 846. Saunders appealed the conviction; we affirmed. United States
v. Saunders, 163 F.3d 604 (8th Cir. 1998) (unpublished). Released from prison in

June 2016, Saunders repeatedly violated his supervised release conditions by testing positive for heroin, failing urine screens for marijuana, and officers finding suspected heroin, other opioids, and loaded firearms at a home Saunders used as a storage facility. In November 2019, District Judge M. Douglas Harpool revoked Saunders' supervised release and sentenced him to 37 months' imprisonment with no additional term of supervised release to follow.

In May 2020, Saunders moved to reduce his 37-month sentence; an amended motion argued he is eligible for a sentence reduction under Section 404 of the First Step Act. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The government conceded First Step Act eligibility but opposed a reduction, arguing Saunders did not merit discretionary relief. The district court[1] agreed Saunders was eligible but denied a First Step Act reduction. Saunders appeals, arguing the district court abused its discretion by misunderstanding the scope of its First Step Act discretion. See United States v. Robinson, 9 F.4th 954, 956 (8th Cir. 2021) (standard of review). "The broad discretion that the First Step Act affords to district courts . . . counsels in favor of deferential appellate review." Concepcion v. United States, 597 U.S. ----, 142 S. Ct. 2389, 2404 (2022).

Saunders was released from custody during the pendency of this appeal. http://bop.gov/inmateloc (last visited Aug. 22, 2022). Because Saunders has been released from custody, his challenge to the custodial revocation sentence is now moot. See Owen v. United States, 930 F.3d 989, 989-90 (8th Cir. 2019); accord United States v. Deering, 835 F. App'x 166 (8th Cir. 2021). The revocation sentence expressly provided that Saunders has no further term of supervised release to serve. Therefore, future supervised release does not pose the possibility of collateral consequences that would avoid mootness. See United States v. Rhone, 647 F.3d 777,

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

779 n.2 (8th Cir. 2011); see generally Spencer v. Kemna, 523 U.S. 1, 14-18 (1998). Saunders has the "burden of identifying some ongoing collateral consequence that is . . . likely to be redressed by a favorable judicial decision." United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (quotation omitted). He has not asserted collateral consequences, and none are apparent.

Accordingly, we dismiss the appeal as moot.

_____