# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3487

_____

United States of America

*Plaintiff - Appellee*

v.

Leonard L. Jones, also known as Artie Boy Jones

*Defendant - Appellant*

_____

No. 23-3506

_____

United States of America

*Plaintiff - Appellee*

v.

Leonard L. Jones, also known as Artie Boy Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: September 23, 2024
Filed: November 8, 2024
[Unpublished]

_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Leonard L. Jones committed third-degree burglary and sexual abuse of a minor in 2004, 18 U.S.C. §§ 2, 1153, 2243(a), 2246(2)(A); S.D. Codified Laws § 22-32-8. He pleaded guilty, served a lengthy prison sentence, was released in 2018, and failed to comply with the conditions of his supervision. After three revocations, Jones started his fourth term of supervision in August 2022.

This time, Jones left his registered address without telling his probation officer. Following his arrest, Jones admitted to violating the conditions of his release and was charged with and pleaded guilty to failing to register as a sex offender, 18 U.S.C. § 2250(a). The district court[1] sentenced Jones to 12 months in prison and five years of supervised release on revocation and to 18 months in prison and five years of supervised release on the new conviction, to be served concurrently. He appeals.

Having completed the term of imprisonment, his challenge to the substantive reasonableness of his revocation sentence is moot. See Owen v. United States, 930 F.3d 989, 990 (8th Cir. 2019) (holding that the appeal was moot because the defendant had "been released from prison" and had "obtained all of the relief that he sought"). We vacate the term of supervised release, however. See 28 U.S.C. § 2106. When Jones committed the underlying offenses, the statutory maximum term of supervised release for third-degree burglary or sexual abuse of a minor was three years. See 18 U.S.C. §§ 2243(a), 3559(a)(3), 3583(b)(2); S.D. Codified Laws §§ 22-6-1(6), 22-3-8 (2004). All told, the district court sentenced Jones to 38 months in prison on his four revocations. Because "[t]he period of supervised release . . . may not exceed the statutory maximum term of supervised release less the total number

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

of months' imprisonment that the court has imposed since the first revocation," the district court lacked authority to impose further supervision. United States v. Spotted Horse, 867 F.3d 901, 903 (8th Cir. 2017) (per curiam) (citing 18 U.S.C. § 3583(h)).

Jones also challenges his sentence for failing to register. He argues that the district court should have given greater weight to his difficult and unstable childhood, his attempt to get substance abuse treatment, and his trouble finding stable housing, while facing the challenges of being poor, a felon, and a sex offender. But the district court acted within its discretion when it imposed a Guidelines sentence after considering those mitigating factors, all of which were argued by defense counsel or in the presentence report. See United States v. Ross, 29 F.4th 1003, 1009 (8th Cir. 2022) (explaining that courts have discretion to "give some factors less weight than a defendant prefers or more weight to the other factors" (citation omitted)). We conclude that Jones has not overcome the presumption of reasonableness we give to Guidelines sentences. See United States v. Neri, 73 F.4th 984, 988–89 (8th Cir. 2023).

We affirm the judgments, but we modify the revocation judgment to vacate the term of supervised release.

_____