# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2290

_____

United States of America

*Plaintiff - Appellee*

v.

Nathan First In Trouble, also known as Nathaniel First In Trouble

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: February 14, 2025
Filed: May 22, 2025
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Nathan First In Trouble pleaded guilty to failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). The district court classified him as a Tier III sex offender and sentenced him to 13 months in prison and five years of supervised release. First In Trouble says he is actually a Tier II sex offender, and the Government admits he is right. He

asks us to vacate his sentence and remand so the district court can correct the mistake.

We first consider whether we have jurisdiction. First In Trouble argues that his tier classification led to the wrong guideline range. See U.S.S.G. § 2A3.5(a)(1)–(3) (base offense levels for Tier I, Tier II, and Tier III sex offenders). Even if that is true, he is out of custody, and his challenge to his prison term is moot. See Owen v. United States, 930 F.3d 989, 990 (8th Cir. 2019).

First In Trouble insists that his erroneous Tier III classification brings with it a stigma and has ongoing collateral consequences for his future sex offender registration. But any stigma from sentencing cannot sustain this case. See United States v. Juv. Male, 564 U.S. 932, 936–39 (2011) (per curiam) (holding case challenging SORNA registration imposed at supervised release revocation as moot despite lower court discussing stigma of ongoing registration).

Nor are there ongoing collateral consequences for First In Trouble's future sex offender registration. In South Dakota, where First In Trouble lives, tier classification at sentencing for a failure to register conviction does not affect his registration requirements. See S.D. Codified Laws §§ 22-24B-19–19.2.

First In Trouble suggests there may be collateral consequences if he moves to another state. E.g., Neb. Rev. Stat. § 29-4005(1)(b)(iii) (requiring lifetime registration if, among other reasons, the offender "has been determined to be a lifetime registrant in another, state, territory, commonwealth, or other jurisdiction of the United States, [or] by the United States Government."); Mo. Rev. Stat. § 589.400.1(7) (requiring registration for "any person who . . . has been or is required to register under tribal, federal, or military law"). We are not convinced. First In Trouble's tier classification at sentencing does not determine his registration requirements. See 34 U.S.C. § 20911(2)–(5) (sex offender's tier determined by underlying sex offense, which does not include a failure to register); see also Juv. Male, 564 U.S. at 938 ("[T]he duty to register under SORNA is not a *consequence*—

collateral or otherwise—of the District Court's [sentence]. The statutory duty to register is . . . an obligation that exists 'independent' of those conditions."). And because First In Trouble is a lifetime registrant in South Dakota, his duty to register in other states "is not contingent upon the validity" of his tier classification at sentencing. Juv. Male, 564 U.S. at 937 (citation omitted).

Correcting any error here "cannot save *this* case from mootness." Id. But see United States v. Coleman, 681 Fed. Appx. 413, 415–16 (5th Cir. 2017) (per curiam). Dismissed as moot.

_____