# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1584
_____

United States of America

*Plaintiff - Appellee*

v.

James Edward Storholm

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 13, 2026
Filed: June 29, 2026
[Unpublished]
_____

Before LOKEN, LAVENSKI R. SMITH, and STRAS, Circuit Judges.
_____

PER CURIAM.

James Storholm wants us to release him from prison. There is only one problem: he is no longer there. For that reason, we dismiss the appeal as moot. *See Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019) (dismissing a motion to set aside or correct a sentence as moot because the defendant had already completed it).

Storholm ended up in prison because he violated a supervised-release condition forbidding him from "possess[ing], view[ing], access[ing], or otherwise us[ing] child pornography or any material that is sexually stimulating or sexually oriented [that is] deemed to be inappropriate by the U.S. Probation Officer in consultation with the treatment provider." He claimed that the artist-created photographs he viewed were neither "sexually stimulating" nor "sexually oriented." The argument did not convince the district court,[1] which sent him to prison for 12 months.

The briefs are clear about what he is both arguing and requesting. He insists that he did not violate the condition, but that, even if he did, it was vague and overbroad as applied to the pictures he viewed. And for those reasons, he wants to be released. The trouble is that his prison sentence ended the same day we held oral argument, and the only injury he had discussed up to that point was his "now-ended incarceration." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The question now is whether there is still an "ongoing case or controversy." *Owen*, 930 F.3d at 990.

The answer, it turns out, is no. Until oral argument, there was never any suggestion that he had suffered a "concrete and continuing injury" apart from incarceration. *Spencer*, 523 U.S. at 7. Nothing about a longer term of supervision after release or a more onerous condition that limits him from viewing other materials.[2] *Cf. Rhone*, 647 F.3d at 779 n.2 (holding that a challenge to a supervised-

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

[2]Nor is the condition itself an "ongoing collateral consequence" of the revocation. *United States v. Saunders*, 46 F.4th 843, 844 (8th Cir. 2022) (quoting *United States v. Juv. Male*, 564 U.S. 932, 936 (2011)). The characterization of it as ongoing is correct, but it is not a "consequence" of revocation. *See United States v. Stanko*, 762 F.3d 826, 828 (8th Cir. 2014) (explaining that the continuing collateral consequence must be "from the revocation"). Rather, as a lifetime condition, it existed then just as it does now, and the revocation has done nothing to change it.

release revocation was not moot because the new term lasted a year longer than the old one).  Only at oral argument did Storholm first mention, in response to an order alerting the parties to be prepared to discuss mootness, that the condition continues today, perhaps in the hope that we would change or end it without a formal request to do so.

By then, however, it was too late to ask for a remedy that no one else, including the government, had considered.  *See United States v. Johnson*, 710 F.3d 784, 787 n.1 (8th Cir. 2013) (noting that "we do not consider arguments first raised at oral argument").  Nor can we assume that he will violate the same condition again and suffer greater punishment as a result.  *See Spencer*, 523 U.S. at 15 (explaining that a defendant is "able—and indeed required by law—to prevent such a possibility from occurring" (citation omitted)); *Stanko*, 762 F.3d at 828 (stating that "we must presume that [the defendant] will conduct his future activities in accordance with the law").  Rather, to get the type of relief he seems to now want, he must file a motion to modify the condition, *see* 18 U.S.C. § 3583(e)(2), or challenge it again if he violates it.  *See United States v. Mejia*, 172 F.4th 601, 608 (8th Cir. 2026) (requiring a showing of "*some* hardship" before a defendant can challenge a supervised-release condition).  In the meantime, we dismiss this appeal.

LOKEN, Circuit Judge, concurring.

"[W]hen a defendant challenges only an expired *sentence* . . . the defendant must bear the burden of identifying some ongoing 'collateral consequenc[e]' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'" United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (emphasis in original).  When the defendant is released from custody while his appeal of a revocation sentence is pending, failure to meet that requirement means the appeal has become moot and must be dismissed for lack of a continuing

---

*Cf. United States v. Rhone*, 647 F.3d 777, 779 n.2 (8th Cir. 2011) (holding that an *increased* supervised-release term meant a revocation challenge was not moot).

Article III case or controversy.  See <u>United States v. Saunders</u>, 46 F.4th 843, 844 (8th Cir. 2022); <u>United States v. Stanko</u>, 762 F.3d 826, 828 (8th Cir. 2014).  Here, I agree that, after being alerted of the need to do so, James Storholm failed to establish at oral argument a non-speculative collateral consequence that would avoid dismissal of his appeal as moot.  Accordingly, I concur in the result.

_____